**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| GEOVERA SPECIALTY INSURANCE CO., | * * * | |
| Plaintiff, | * * | CASE NO.:   1:10-cv-641 |
| v. | * * | |
| STANLEY E. SMALL, THE ESTATE OF RYAN SCOTT SMALL, Deceased, and FRANK H. KRUSE, General Administrator for Mobile County, | * * * * * | |
| Defendants. | * | |

## GEOVERA SPECIALTY INSURANCE COMPANY'S
## MOTION TO STRIKE JURY DEMAND

COMES NOW GeoVera Specialty Insurance Company (hereinafter "GeoVera") by and through undersigned counsel and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and files this its Motion to Strike Jury Demand and in support hereof states as follows:

1.   On November 23, 2010, GeoVera filed its Complaint for Declaratory Judgment with this Honorable Court.

2.   In its Complaint, GeoVera asserted federal jurisdiction via 28 USCA § 2201, the Federal Declaratory Judgment Act, along with 28 USCA § 1332, Diversity Citizenship.  The Declaratory Judgment action relates to an actual homeowners' insurance coverage controversy between the parties relating to an assault occurring on a property.  GeoVera has not taken a position on any coverages available, as it was unable to investigate an underlying claim on the policy due to a criminal investigation.  At this

1

time, the criminal matter is concluded but there is a civil lawsuit pending in Mobile County Circuit Court entitled *LaFredrique George v. Ryan Scott Small, et al.*, CV-09-2192 wherein the underlying liability claim is being addressed.  GeoVera is defending that suit pursuant to a Reservation of Rights.

3. On January 21, 2011, Defendant Small filed and served their Answer.  In the body of the Answer, on page 3, Defendant demands a trial by jury.  In Defendant's three-page Answer, there are no claims asserted against GeoVera for damages.  It is GeoVera's contention Defendants are not entitled to a jury trial.

## MEMORANDUM OF LAW

4. GeoVera contends Defendants have no Federal right to a jury trial as to GeoVera's Declaratory Judgment action seeking only a declaration of equitable rights pursuant to an insurance contract.  The Seventh Amendment of the United States Constitution codifies litigant rights to jury trials pursuant to civil matters.  *United States Constitution, Amendment 7*.  The Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the Rules of the Common Law.

*United States Constitution, Amendment 7*.

5. Rule 39 of the *Federal Rules of Civil Procedure* requires, once a jury demand is made, be designated as a jury action unless "the Court, on motion or on its own, finds that on some or all of the issues there is no federal right to a jury trial." *Federal Rule of Civil Procedure* 39(a)(2).

6. Rule 12(f) of the *Federal Rules of Civil Procedure* provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.
> The court may act:  ...(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

7. The Federal Declaratory Judgment Act does not guarantee Defendant a right to a jury trial. 28 USCA § 2201.  In fact, Section 2201 states, "Any court... may declare the right and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 48 USCA § 2201.  Thus, the Act does not contemplate the specific right to a jury trial.

8. GeoVera seeks a mere declaration as to application of an insurance policy, akin to a possible rescission or reformation claim.

9. GeoVera's declaratory judgment action seeking a judgment on the Policy is an action in equity and, thus, should be tried non-jury.  Alabama law governs the insurance contract at issue.  "A party seeking a declaratory judgment is entitled to a jury trial as a matter of right if he would have had such a right in the cause of action for which the declaratory relief may be considered a substitute." *Van Hoof v. Van Hoof*, 2007 WL 4284617, * (Ala. Dec. 7, 2007) (not released for publication) (internal quotations and citations omitted).  GeoVera's declaratory judgment, depending on GeoVera's discovery efforts, is akin to a claim for rescission or possibly reformation of the insurance contract between GeoVera and Defendant Small. *See Nationwide Mutual Fire Insurance Co. v. Pabon*, 903 So. 2d 759 (Ala. 2004); *In re HealthSouth Corp.*, 308 F.Supp.2d 1253 (N.D. Ala. 2004). Rescission is solely an action in equity for which there is no jury trial of right. *See Ex Parte Porter*, 122 So. 2d 119 (Ala. 1960) (holding the trial court was correct in granting insurer's motion to transfer to the court in equity its declaratory judgment action

to rescind the insurance contract based on insured's failure to pay premiums); *Ex parte Taylor*, 583 So. 2d 1301 (Ala. 1991) (holding a complaint seeking rescission of contracts for purchase of real estate sounded in equity); *Lorenza v. Brothers*, 534 So. 2d 300 (Ala. 1988) (upholding the trial court's order granting a motion to strike jury demand on claims for rescission of power of attorney and a deed). Reformation is also an equitable remedy. *Lewis v. Daniel,* 387 So. 2d 160 (Ala. 1980); *Holloway v. Nationwide Mutual Ins. Co.*, 376 So. 2d 690 (Ala. 1979).

10. Further, with regard to any factual issues involved in the determination of the declaratory judgment, "[i]t is ... well settled that the constitution does not provide a right to a jury trial for the resolution of factual issues for parties alleging equitable claims." *Van Hoof*, 2007 WL 4284617, *8, quoting *Wooten v. Ivey*, 877 So. 2d 585, 588 (Ala. 2003); *Shelton v. Shelton*, 376 So. 2d 740, 741 (Ala. Civ. App. 1979) ("In equity, a party is not entitled, as a matter of right, to a jury to determine issues of fact unless it is so provided by statutory or constitutional provisions. In the absence of any such provision the power and duty to decide all questions of fact and law rests with the court."); *Ex parte Thorn*, 788 So. 2d 140, 143 (Ala. 2000) (Equitable claims carry no constitutional right to a jury trial).

11. Rule 39(a)(2) clearly gives this Court the authority to deny a jury trial of issues for which a right to a jury trial does not exist. And as the declaratory judgment action in this case is actually akin to an action for rescission or reformation of the policy, a purely equitable claim, it is clear the facts and issues involved in the action must be determined by this Court and not by a jury. There is no Constitutional provision or

statute which provides for the right to trial by jury on GeoVera's claim for a declaration of rights.

WHEREFORE, premises considered, GeoVera respectfully requests this Court strike Defendant's demand for a jury trial.

                                  Respectfully submitted,

                                  */s/ Christina M. Adcock*  
                                  CHRISTINA M. ADCOCK (ADCOC6698)  
                                  Attorney for GeoVera Specialty Insurance Co.

OF COUNSEL:

Adams and Reese LLP  
11 N. Water Street, Suite 23200  
Mobile, AL 36602  
Mailing Address:  
P.O. Box 1348  
Mobile, AL 36633  
Phone: (251) 433-3234  
Fax: (251) 438-7733  
christina.adcock@arlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2011, a true copy of the foregoing has been provided to all parties and/or counsel of record, *via* the CM/ECF electronic filing and notification system, and/or Electronic Mail and/or U.S. Mail, postage prepaid, as follows:

Mr. Stanley E. Small
c/o E. J. Saad, Esquire
Atchison Firm, P.C.
6207 Cottage Hill Road, Suite G
Mobile, AL  36609

Frank H. Kruse, Esquire
215 Cedar Street
Mobile, AL 36602

                                           /s/ *Christina M. Adcock*