IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEOVERA SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 10-0641-KD-N<br>) |
| STANLEY E. SMALL, FRANK H. KRUSE, Administrator for the Estate Of Ryan Scott Small, deceased, and LAFREDRIQUE GEORGE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Plaintiff in the instant declaratory judgment action, GeoVera Specialty Insurance Company (hereinafter "GeoVera"), has filed a Motion to Compel (doc. 43) production of documents pursuant to a subpoena it had served on the Mobile County District Attorney, who is not a party to this action.[1] The action arises from an insurance claim made by Lafredrique George arising from an assault by Ryan Scott Small at a residence owned by the policy-holder, Stanley E. Small.

The plaintiff's subpoena (doc. 43, exhibit 1) requested the production of the following documents:

> All records relating to incidents involving Ryan Scott Small and the events occurring on March 31, 2009 and April 1, 2009 and relating to case number CC-2009-002387, CC-2009-002388, CC-2009-002389, CC-2009-002390 and CC-2009-002391, and any indictments stemming therefrom, including but not limited

---

[1] The court notes that the Certificate of Service reflects that GeoVera provided notice of the instant motion to Assistant District Attorney Martha Tierney. In light of the flaws in the instant motion and the disposition thereof, the court does not find it necessary to provide ADA Tierney or the Office of the Mobile County District Attorney an opportunity to respond.

to, medical records, psychological evaluations, counselor's notes, prescriptions and/or medications, investigative records, photographs, police reports, interviews, witness statements, indictments, audio and/or video recordings, etc.

The District Attorney declined to produce the records, citing Alabama Code § 12-21-3.1(c), which provides as follows:

> Under no circumstance may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence. <u>Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources</u>.

Particularly in light of the breadth of its subpoena, GeoVera's motion fails to comply with the requirements of the applicable code section. GeoVera makes a general showing that the situation posed by the death of Ryan Scott Small could lead to hardship if plaintiff were not allowed access to some of the information sought and that some of the information might not be available from other sources, but has not done so for the vast majority of documents within the wide scope of the document description contained in its subpoena. Indeed, other than any statements which may have been made by the decedent concerning the assault for which coverage is sought herein, plaintiff has failed to show that it has such a need for the investigative materials that could cause it "undue hardship" if such materials were not made available.[2]

---

[2] For example, plaintiff gives no reason for the court to find that "medical records, psychological evaluations, counselor's notes, prescriptions and/or medications" would be unavailable from another source, or that other sources for photographs or
(Continued)

Plaintiff has not addressed how its subpoena satisfies the requirement of the first sentence of the statute, requiring that the criminal defendant "authorized" the discovery of the information contained in the case file.[3] Additionally, plaintiff makes no request or other provision for terms in any resulting order which would satisfy the statute's requirement that work product of the prosecutors, law enforcement officers or investigators be protected.

For the foregoing reasons, it is hereby ORDERED that plaintiff's Motion to Enforce is DENIED.

DONE this the 28th day of April, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

descriptions of the crime scene are unavailable or are necessary to its case, and that it has a sufficient need for investigative files and investigators' work product.

[3] Nor has plaintiff identified the nature of the four criminal cases for which it seeks information, not even identifying whether the decedent was the defendant in each such case. Unless all four cases charged Ryan Scott Small with separate crimes related to the assault which is the basis of the insurance claim at the center of this action, it is highly questionable whether plaintiff can satisfy the undue hardship requirement. If any of the criminal cases charged *the victim* of that assault with a crime, it appears that plaintiff would additionally have to demonstrate that the victim "authorized" discovery under the first sentence of the statute.