**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEOVERA SPECIALTY** | ) | |
| **INSURANCE CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:10-00641-KD-N** |
| | ) | |
| **STANLEY E. SMALL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Plaintiff's "Motion to Strike Jury Demand" (Doc. 41),

Defendant LaFredrique George's Response in opposition (Doc. 45), and Plaintiff's Reply (Doc. 48).

For the reasons stated herein, Plaintiff's motion is due to be **DENIED**.

### I.    Facts & Procedural History

On March 25, 2011, Plaintiff GeoVera Specialty Insurance Co. ("GeoVera") filed an

Amended Complaint against Defendants Stanley E. Small,  Frank H. Kruse as Administrator for the

Estate of Ryan Scott Small, Deceased, and LaFredrique George ("George"), seeking declaratory

judgment under 28 U.S.C. § 2201-02 as to the rights and obligations of all parties to this action

pursuant to a Homeowners Insurance Policy ("the Policy") it issued to Stanley Small.  Jurisdiction is

proper pursuant to 28 U.S.C. §1332(a)(1).  (Doc.  18).

The Amended Complaint alleges the following: On March 31/April 1, 2009, Ryan Small, son

of Stanley Small, attacked and injured George on premises in Mobile, Alabama, owned by Stanley

Small and covered by the Homeowners Insurance Policy.  Ryan Small was arrested and charged with

attempted murder because of the incident.  George filed a civil suit in the Circuit Court of Mobile

County, Alabama, against Ryan Small for damages. Ryan Small has died since the inception of George's civil suit. GeoVera is currently defending in George's civil suit under a reservation of rights. In the present action, GeoVera seeks declaratory judgment as to whether there is coverage available under the Policy for the incident involving George and Ryan Small. (<u>Id.</u>).

GeoVera's original Complaint did not include George as a defendant. (Doc. 1). In his Answer to the original Complaint, Stanley Small demanded a trial by jury. (Doc. 5). GeoVera filed a motion to strike Stanley Small's jury demand (Doc. 7). Because Stanley Small filed no objection, the motion was granted as being unopposed and his jury demand was stricken. (Doc. 11).

GeoVera's Amended Complaint added George as a defendant "with interest in the outcome of this declaratory judgment action." (Doc. 18). In his Answer to the Amended Complaint, George demanded a trial by jury. (Doc. 40). GeoVera has moved to strike George's jury demand as well. (Doc. 41).

**II.     Analysis**

Rule 57 of the Federal Rules of Civil Procedure expressly preserves the right to a jury trial in declaratory judgment actions of issues which would ordinarily be tried to a jury and also incorporates the provisions of Rule 38. Rule 57 sets forth as follows:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial . . .

Fed. R. Civ. P. Rule 57. Rule 38 sets forth as follows:

> (a) **Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate.
>
> (b) **Demand.** On any issue triable of right by a jury, a party may demand a jury trial by (1) serving the other parties with a written demand--which may be included in a

pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

(c) **Specifying Issues.** In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may--within 14 days after being served with the demand or within a shorter time ordered by the court--serve a demand for a jury trial on any other or all factual issues triable by jury.

Fed. R. Civ. P. 38.  Finally, Rule 39(a)(2) provides:

 (a) **When a Demand Is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a)(2).  Thus, a party to a declaratory judgment action may demand a jury trial

on some or all issues triable of right by a jury under federal law.  See also Simler v. Conner, 372

U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a

matter of federal law in diversity as well as other actions.").  George has been properly added as

a defendant in this action.[1]  His jury demand reads "Defendant, LaFredrique George, demands

---

[1] See Am. Safety Cas. Ins. Co. v. Condor Assocs., 129 F. App'x 540, 542 (11th Cir. 2005) ("In Ranger[ Insurance Co. v. United Housing of New Mexico, 488 F.2d 682 (5th Cir. 1974)], we affirmed the district court's conclusion that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.' Id. at 683 . . . The district court in this case acted well within its discretion in applying the reasoning and analysis from Ranger to reach the conclusion that the Volpes[, injured parties suing the insured,] would be prejudiced if [insurer] ASCIC's suit were to proceed without them. Indeed, it probably would have been error not to follow Ranger."); Dairyland Ins. Co. v. Makover, 654 F.2d 1120, 1123 (5th Cir. Unit B Sept. 1981) ("In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer was contingent upon recovery of a judgment against the insured." (citations omitted)); Earnest v. State Farm Fire & Cas. Co., 475 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2007) (applying Condor, Ranger, and other similar former-Fifth Circuit opinions in holding that, in a declaratory judgment action between an insurer and an insured, "the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint[.]"); White-Spunner Constr., Inc. v. Zurich Am. Ins. Co., Civil Action 10-0158-WS-C, 2010 WL

trial struck by jury." (Doc. 40 at 3). Because the demand does not specify certain issues, it will therefore apply to "all the issues so triable" in this case. Fed. R. Civ. P. 38(c).

"When the right to a jury trial is at issue, a court should first look to see if Congress has provided the right to a jury trial; if Congress has created a legal right, a jury trial is required. If Congress has not provided an express right, then the court must decide if a constitutionally protected right to a jury trial exists under the seventh amendment to the United States Constitution." Alexander v. Chattahoochee Valley Cmty. Coll., 303 F. Supp. 2d 1289, 1291 (M.D. Ala. 2004) (citing Tull v. United States, 481 U.S. 412, 417-27 (1987), Lorillard v. Pons, 434 U.S. 575, 585 (1978), Waldrop v. Southern Company Services, Inc., 24 F.3d 152, 155 (11th Cir. 1994), and Kennedy v. Ala. State Bd. of Educ., 78 F. Supp. 2d 1246, 1250 (M.D. Ala. 2000) (Thompson, J.)). "The Declaratory Judgment Act [] preserves the right to jury trial for both parties, but does not create a right to a jury trial." Sunshine Co. Food Distrib., Inc. v. U.S. Citizenship & Immigration Servs., 362 F. App'x 1, 4 (11th Cir. 2010) (internal quotations omitted). Because the Declaratory Judgment Act does not itself create a right to a jury trial, the Court looks to the Seventh Amendment to determine if George has a right to a jury trial in this declaratory action. The Eleventh Circuit has held:

> The Seventh Amendment preserves the right to a jury trial "in suits at common law, where the value in controversy shall exceed twenty dollars." The amendment extends the right to a jury trial to all suits where legal rights are involved, whether at common law or arising under federal legislation. See, e.g., Curtis v. Loether, 415 U.S. 189, 194, 94 S. Ct. 1005, 1008, 39 L. Ed. 2d 260 (1974) . . . In contrast, the right to a jury trial does not extend to cases in which only equitable rights are at stake. Curtis, 415 U.S. at 198, 94 S. Ct. at 1010.

---

3489956, at *3-6, 2010 U.S. Dist. LEXIS 90339, at *9-21 (S.D. Ala. Aug. 30, 2010) (Steele, C.J.) (slip opinion) (applying Condor and Ranger in finding underlying tort plaintiff was indispensable party to declaratory judgment action).

Waldrop v. S. Co. Servs., 24 F.3d 152, 156 (11th Cir. 1994).  With regard to declaratory

judgments specifically, the Eleventh Circuit has stated:

> Suits for declaratory judgment are a statutory creation enacted by Congress in the
> Declaratory Judgment Act, 28 U.S.C.A. secs. 2201-02, and are neither inherently
> legal nor equitable in nature. American Safety Equip. Corp. v. J.P. Maguire & Co.,
> 391 F.2d 821, 824 (2d Cir. 1968). When determining whether a declaratory judgment
> action is legal or equitable, "courts have examined the basic nature of the issues
> involved to determine how they would have arisen had Congress not enacted the
> Declaratory Judgment Act." Wallace v. Norman Indus., Inc., 467 F.2d 824, 827 (5th
> Cir. 1972); United States v. New Mexico, 642 F.2d 397, 400 (10th Cir. 1981);
> Diematic Mfg. Corp. v. Packaging Indus., Inc., 516 F.2d 975, 978 (2d Cir.), cert.
> denied, 423 U.S. 913, 96 S. Ct. 217, 46 L. Ed. 2d 141 (1975); American Safety,
> supra; Chevron, U.S.A., Inc. v. Oubre, 93 F.R.D. 622, 623 (M.D. La. 1982); see
> generally Hartford Financial Systems v. Florida Software Serv., 712 F.2d 724, 726-
> 27 (1st Cir. 1983).

Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1523 (11th Cir. 1987) (footnote omitted).  See also

Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 649 (7th Cir.

2002) ("[C]asting one's suit in the form of a suit for a declaratory judgment, or adding a claim for

a declaratory judgment to one's other claim or claims for relief, does not create a right to a jury

trial.  Rather, as the Third Circuit put it nicely in Owens-Illinois, Inc. v. Lake Shore Land Co.,

610 F.2d 1185, 1189 (3d Cir. 1979), 'If the declaratory judgment action does not fit into one of

the existing equitable patterns but is essentially an inverted law suit -- an action brought by one

who would have been a defendant at common law -- then the parties have a right to a jury. But if

the action is the counterpart of a suit in equity, there is no such right.'").

In Gulf Life, a "fiduciary file[d] a declaratory judgment action seeking to determine its

liability for benefits claimed by a former employee who was a participant in the fiduciary-

employer's ERISA-qualified employee benefit plan."  809 F.2d at 1522.  The court held that

"[b]ut for the Declaratory Judgment Act, the only way this action could have arisen is as a suit

by Arnold to collect the severance pay he claims he is due -- a legal, not equitable, action. Thus, Gulf Life's declaratory judgment action was not a civil action seeking equitable relief." Id. at 1523 (internal quotations omitted).

As to whether George has a right to demand a jury trial as a properly-added defendant who is not a party to the Policy but has an interest in the outcome of this litigation due to his state court lawsuit, the Court looks to Reiswerg v. Great American Insurance Co., No. 1:07-cv-42-WTL-DML, 2009 WL 2923036, 2009 U.S. Dist. LEXIS 81927 (S.D. Ind. Sept. 8, 2009) (slip opinion), which examined the right of a party similar to George to demand a jury trial on a declaratory judgment claim and which applied analysis similar to that in Gulf Life:

> This cause is before the Court on the motion of Great American Insurance Company ("Great American") entitled Motion to Strike Third Party Defendant Pam Statom's Jury Demand . . .
>
> As the title of its motion suggests, Great American argues that Statom is not entitled to a jury trial in this case and therefore moves to strike her jury demand. In order to resolve this issue, it is necessary to examine the somewhat unusual procedural history of this case.
>
> After Statom filed a legal malpractice suit against her former attorney, Joseph Reiswerg, Reiswerg notified Great American, his malpractice insurance carrier, of the suit. Great American retained counsel to represent Reiswerg in Statom's suit. However, Great American later denied coverage . . .
>
> Reiswerg filed this suit against Great American in state court seeking declaratory judgment that Great American is obligated to defend and indemnify him in Statom's suit and seeking damages in the amount that Reiswerg paid his counsel in that suit after Great American declined to defend him, as well as mental distress damages. Reiswerg did not request a jury trial. Great American removed the case to this court and asserted a counterclaim against Reiswerg seeking declaratory judgment that it had no duty to defend or indemnify Reiswerg . . . Great American also did not request a jury trial.
>
> Several months later, Statom filed a motion seeking to intervene in this suit in order to assert the defenses of waiver and estoppel against Great American's counterclaim . . . That motion was eventually rendered moot when Great American amended its

counterclaim to add Statom as a third-party defendant. Statom then asserted her defenses in her answer to the counterclaim and on the same date filed a demand for a jury trial. Great American subsequently filed the instant motion seeking to strike the jury demand.

Federal Rule of Civil Procedure 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." The Seventh Amendment, in turn, provides for the right to a jury trial in "[s]uits at common law."

> [T]o determine whether a particular action will resolve legal rights, and therefore give rise to a jury trial right, we examine both the nature of the issues involved and the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 648 (7th Cir. 2002) (quoting Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry, 494 U.S. 558, 565, 110 S. Ct. 1339, 108 L. Ed. 2d 519 (1990)). With regard to suits for declaratory judgment, such as Great American's claim against Statom in this case, the same inquiry is made, with an added twist: "If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit-an action brought by one who would have been a defendant at common law-then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right." Id. (citations omitted).[FN1]

> FN1. To the extent that Great American argues that the fact that it does not seek monetary damages in either of its claims is somehow relevant, it is mistaken. It is axiomatic that monetary damages can never be sought in a claim brought under the Declaratory Judgment Act; the fact that monetary relief is not sought is therefore irrelevant to the Seventh Amendment analysis in such cases.

Applying these principles to the instant case, Great American's claim against Statom seeking a declaration that the terms of the policy exclude her suit against Reiswerg clearly is "an inverted law suit-an action brought by one who would have been a defendant at common law." Indeed, it is indistinguishable from the "typical case" used by Professor Miller as an example to demonstrate "the kind of analysis that is required when declaratory judgment is sought":

> In one typical case, an insurance company sought a declaratory

judgment in a federal court that an accident in which its insured was involved came within one of the exclusions of the policy. There were three ways in which this coverage issue could have been litigated if there were no declaratory judgments. First, the insured could have paid a judgment against him and sued the insurer for the amount due him by way of indemnity. This would be a simple action for the recovery of money only. Therefore, at common law it would have been tried in debt or assumpsit and would be triable to a jury today. Second, if the insured chose not to pay the judgment, the injured person could have brought an independent action against the insurer for the amount of the judgment, which would be triable to a jury. Third, the insured person alternatively could have garnisheed the insurer as a part of the tort action against the insured. A garnishment would be tried to the court without a jury. Since the issue of coverage usually would be tried to a jury, unless the injured person elected to proceed by garnishment rather than to bring an independent action, the Eighth Circuit held that in the declaratory judgment action it was reversible error to deny trial by jury when the injured person and the insured had demanded a jury. The Supreme Court cited this decision with approval in Beacon Theatres, Inc. v. Westover.

Wright & Miller, Federal Practice and Procedure Civil 3d § 2313 (discussing Johnson v. Fidelity & Cas. Co. of NY, 238 F.2d 322 (8th Cir. 1956)). In the absence of the Declaratory Judgment Act, the determination of whether the terms of the insurance contract provided coverage for any judgment that might ultimately be awarded in Statom's case against Reiswerg would arise after the judgment was obtained, Great American refused to pay the judgment, and Statom and/or Reiswerg sued Great American for breach of contract. There would clearly be a right to a jury trial in that case; accordingly, there is in this case as well.

Id. at WL *1-2, LEXIS *1-7. Similarly, absent the federal declaratory judgment procedure utilized by GeoVera in the present case, this action would likely have arisen as a suit by either George or Stanley Small against GeoVera for its refusal to pay any judgment in George's pending civil suit. Alabama law would allow George himself to seek payment of the judgment directly from GeoVera. See Ala. State Docks v. Saxon, 631 So. 2d 943, 947 (Ala. 1994) ("[W]hen the liability of an insurer to pay for injuries suffered by a third party is predicated on the establishment of the liability of its insured to that third party, a direct action by the third party

8

against the insurer is not permitted under Alabama law until the third party has obtained a

judgment against the insured."); <u>Williams v. State Farm Mut. Auto. Ins. Co.</u>, 886 So. 2d 72, 74

(Ala. 2003) (In Alabama, it is a "fundamental and well-established general principle that an

accident victim (a third party to a liability insurance contract) cannot maintain a direct action

against the insurer for the alleged liability of the insured where the legal liability of the insured

has not been determined by judgment." (internal quotations omitted)).  Therefore, this

declaratory action can be characterized as an inverted lawsuit to which George has a right to a

jury trial.[2]

In both its Motion to Strike Jury Demand and its reply brief, GeoVera attempts to

characterize its claims in this action as claims for reformation or rescission, both equitable

remedies for which there is no right to a jury trial.  <u>See</u> (Doc. 41 at 3; Doc. 48 at 2-3); <u>Phillips v.

Kaplus</u>, 764 F.2d 807, 812, 814 (11th Cir. 1985) ("[F]ederal law is clear that an action for

rescission is equitable, triable by the court without a jury . . . Plaintiffs' request for rescission of

the sale of their partnership interest[ and] a reformation of that partnership . . . presented

traditional equitable proceedings, and the district court was correct in denying a jury trial on

these issues.").  In its Amended Complaint, GeoVera prays that the Court "make a coverage

---

[2] <u>Compare</u> <u>Reiswerg</u>, <u>supra</u>, at WL *2, LEXIS *5-7, <u>with</u> <u>Terrell v. De Conna</u>, 877 F.2d 1267, 1273-74 (5th Cir. 1989) ("As the district court correctly noted, an action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity. [] In order to apply these rules, we turn to Mississippi law in order to identify the non-declaratory antecedent to Myrtis Faye's insurance coverage suit. In the recent case of <u>Westmoreland v. Raper</u>, 511 So. 2d 884, 885 (Miss. 1987), the Mississippi Supreme Court reiterated its rule barring direct actions against insurance companies by third parties, and rejected the argument that recent changes to the Mississippi rules of civil procedure had alleviated the restriction. A non-declaratory suit by Myrtis Faye against USF & G would thus necessarily come under Mississippi's garnishment statutes, and would be tried to the court. Miss. Code Ann. §§ 11-35-1, 11-35-45. We therefore find that since there is no jury right attaching to the cause underlying the declaratory suit here filed, there is likewise no jury right with respect to the declaratory action.") (declaratory judgment action initiated in state court and removed to federal court).

determination" and "REQUESTS A DECLARATORY JUDGMENT as to whether there is coverage available under HO Policy" for the incident between Ryan Small and George. (Doc. 18 at 7).

Upon examining Alabama law relating to rescissions and reformations,[3] the Court does not agree with GeoVera's characterization of its claims. In citing to several exclusions in the Policy which it alleges prohibit coverage of the incident, (Id. at 3-7), GeoVera has merely asked for a legal interpretation of the Policy to determine if it owes coverage for the incident. This would then allow for enforcement of the terms of the Policy. "The word 'enforce' means 'to give force or effect to or to compel obedience to.' Thus, the enforcement of a contract is the opposite of the rescission of a contract, because 'the effect of rescission is to extinguish the contract.'" Vankineni v. Santa Rosa Beach Dev. Corp. II, 57 So. 3d 760, 762-63 (Ala. 2010) (internal citation omitted, quotations modified). GeoVera makes no allegations in its Amended Complaint which indicate it seeks to extinguish the Policy. The Court also reads nothing in the Amended Complaint as calling for a reformation under Alabama law.[4] Even if a claim for

---

[3] This action was brought on the basis of diversity jurisdiction. "In determining which law applies [in contract disputes], a federal district court sitting in diversity must apply the choice of law rules of the forum state." Clanton v. Inter.net Global, L.L.C., 435 F. 3d 1319, 1323 (11th Cir. 2006) (internal quotations omitted). "Alabama applies the traditional doctrine[] of *lex loci contractus* to contract claims . . . The doctrine of *lex loci contractus* governs the validity, interpretation, and construction of the contract . . . The doctrine states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co., 358 F.3d 1306, 1308 (11th Cir. 2004) (citing Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991)) (internal quotations omitted). The Policy was received and accepted by Stanley Small in Alabama and contains the provision "This contract is registered and delivered as surplus lines coverage under Alabama surplus lines insurance law." (Doc. 1-2). Because the Policy makes no reference to the application of the laws of any other jurisdiction, the Policy is governed by Alabama law.

[4] See Ala. Code § 8-1-2 (1975) ("When, through fraud, a mutual mistake of the parties or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention

reformation or rescission could be construed, "a party is not to be deprived of the right to a jury trial because [an] equitable claim coexists with [] legal claims." Bowles v. Bennett, 629 F.2d 1092, 1095 (5th Cir. 1980) (citing Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486, 490-91 (5th Cir. 1961)).[5]

### III. Conclusion

For the reasons stated, it is **ORDERED** that GeoVera's Motion to Strike Jury Demand (Doc. 41) is **DENIED**.

**DONE** and **ORDERED** this the **11th** day of **July, 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons in good faith and for value."); Goodwyn, Mills & Cawood, Inc. v. Markel Ins. Co., 911 So. 2d 1044, 1048 (Ala. 2004) ("[T]he terms of [Ala. Code § 8-1-2] are plain and unambiguous and give the equity court power to reform or revise a written contract only when the requirements of the statute have been met." (internal quotations omitted)).

[5] See also Reiswerg, supra, 2009 WL 2923036, at *3, 2009 U.S. Dist. LEXIS 81927, at *7 ("Great American's insistence that State Farm Mut. Auto Ins. Co. v. Mossey, 195 F.2d 56 (7th Cir. 1952), requires a different result is misplaced. Unlike in this case, in Mossey the declaratory relief that the insurer was seeking-a declaration that the insurance policy was void--was the equivalent of an equitable claim for rescission. While Great American does seek such relief in this case in its Count II, that claim is distinct and distinguishable from its claim in Count I, in which it seeks a declaration that under the terms of the policy itself Statom's lawsuit is excluded. That is the equivalent of an inverted breach of contract claim.").