IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEOVERA SPECIALTY INS. CO.,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 10-00641-KD-N** |
| | ) | |
| **FRANK H. KRUSE, Administrator for the** | ) | |
| **Estate of Ryan Scott Small,** *et al.***,** | ) | |
|     **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Defendant LaFredrique George's Motion to Reconsider (Docs. 91, 94)[1] the Court's November 29, 2011 denial of his motion to amend his answer to add the affirmative defense of collateral estoppel.

The Court construes Defendant George's motion as a motion to reconsider the Court's prior Order pursuant to Rule 60(b)(6)'s "any other reason that justifies relief."[2] It is **ORDERED** that Defendant George's Motion to Reconsider (Docs. 91, 94) is **GRANTED.** In reconsidering the November 29, 2011 Order (Doc. 90) and Defendant George's motion to amend (Doc. 82), the Court additionally finds as follows:

Even if this Court were to assume that Defendant George has now satisfied the good cause

---

    1 Plaintiff filed Notices of Intent to Respond (Doc. 92, 95). Given the Court's denial of George's motion, Plaintiff's requests (Doc. 92, 95) are **MOOT.**

    2 Rule 60(b)(6) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has

1

requirement under Rule 16 (which is arguable),[3] his motion to amend to add the affirmative defense of collateral estoppel is still due to be denied based on the futility of the proposed amendment. "Futility of amendment is a proper reason for denying a motion for leave to amend." Alexander v. AOL Time Warner, Inc., 132 Fed. Appx. 267, 269 (11th Cir. 2005) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Jameson v. Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996) (unpublished).

Federal courts apply the law of collateral estoppel used in the state in which the particular courts sits. Hicks v. Quaker Oats Co., 662 F.2d 1158 (5th Cir. 1981). Under Alabama law, the elements of collateral estoppel are: 1) an issue identical to the one litigated in the prior suit; 2) that the issue was actually litigated in the prior suit; 3) that resolution of the issue was necessary to the prior judgment; and 4) the same parties (or the parties are in privity focusing on identity of interest). See, e.g., Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 726 (Ala. 1990); Jim Parker Bldg. Co., Inc. v. C&S Glass & Supply Co., Inc., 69 So.3d 124, 132 (Ala. 2011). Dispositive to George's motion is that collateral estoppel applies only to issues actually litigated in a previous action, and litigated between or among the same parties (or at least parties in privity). See, e.g., Agripost, Inc. v. Miami–Dade County, 195 F.3d 1225, 1230 n. 11 (11th Cir. 1999); Parker, 69 So.3d at 132. Neither applies

---

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
3 The Court previously ruled, in relevant part, as follows (Doc. 90 at 3-4):

…The Rule 16(b) Scheduling Order provides that all amendments to pleadings were due to be filed no later than August 15, 2011. (Docs. 31, 78). George's motion is untimely filed -- by more than three (3) months. Additionally, while George filed an 11 page brief in support of his motion, nowhere within same does he contend that he has good cause for this untimely request (e.g., that he only recently learned of the applicability of the defense to this case) or provide any justification for the delay – much less assert diligence. This is significant given that the record reveals that this affirmative defense (as framed by George) relating to Ryan Small's mental condition was known to George as of March 29, 2010 and/or April 2, 2010 (Docs. 88-1, 88-2) (the date of the state trial court ruling of insanity in Small's criminal case). George has not provided the Court with any explanation for his failure to amend his answer in a timely fashion. Further, the Court notes that discovery closes in two (2) days on December 1, 2011 and GeoVera has already filed a motion for summary judgment. (Docs. 78, 86, 87).

here.

In this case, the record (including the state court transcript) reveals that the criminal case was not actually litigated. Rather, the criminal case was settled by an accepted plea to a cocaine charge and not guilty by reason of mental disease or defect (insanity). Additionally, the criminal case involved different parties from this case, as GeoVera was not a party to the criminal case. Moreover, because GeoVera was not a party, there was no party in that case representing the insurance company's interests to establish privity (*i.e.*, there is no identity of interest).[4] With regard to the foregoing, Defendant George has not submitted any evidence to support a contrary finding.

Accordingly, having **RECONSIDERED** this Court's November 29, 2011 Order (Doc. 90), it is **ORDERED** that Defendant George's Motion to Amend (Doc. 82) is **DENIED.**

**DONE** and **ORDERED** this the **12th** day of **December 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] The circumstances of this case are distinguishable then from those in U.S. v. Jones, 837 F. Supp. 1145 (S.D. Ala. 1993), upon which George relies. (Doc. 94 at 13).